IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Action No. 11-3156 |
| | : | |
| v. | : | |
| | : | |
| TERRIL EDWARDS | : | Criminal Action No. 08-27 |

**MEMORANDUM**

**Padova, J.**                                                                                           **July 26, 2012**

Before the Court is Terril Edwards's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), as well as a Motion for Leave to Amend the § 2255 Motion.  For the following reasons, we deny the Motion for Leave to Amend, and dismiss the § 2255 Motion.

**I.       BACKGROUND**

The Indictment in this case charged Edwards with possessing in excess of 50 grams, that is, 70.74 grams, of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The charges arose after police officers stopped Edwards on the street to question him, subsequently searched him, and discovered both crack cocaine and a firearm.  Prior to trial, Edwards filed a Motion to Suppress the crack cocaine and firearm, arguing that the initial Terry stop was not supported by reasonable suspicion.  See generally Terry v. Ohio, 392 U.S. 1 (1968).  We held a suppression hearing and thereafter denied the Motion to Suppress in a September 9, 2008 Order-Memorandum.  United States v. Edwards, Crim. A. No. 08-27, 2008 WL 4272631 (E.D. Pa. Sept. 9, 2008).

After a three day trial, a jury convicted Edwards of all charges.  We sentenced him on February 9, 2009, to a lifetime term of imprisonment, plus a ten year term of supervised release and

a special assessment of $300.  Edward appealed to the United States Court of Appeals for the Third Circuit, arguing that we erred in refusing to suppress the gun and crack cocaine.  However, the Third Circuit rejected this claim, and affirmed his judgment of conviction on May 6, 2010.  United States v. Edwards, No. 09-1428, 378 F. App'x 139 (3d Cir. 2010).

Edwards filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 13, 2011, asserting three grounds for relief.  He filed a Memorandum in Support of that Motion on July 7, 2011.  The Government filed a response to the § 2255 Motion on September 22, 2011.  On October 11, 2011, Edwards filed an "Opposition/Rebuttal to the Government's Response," in which he requested leave to file an amended Motion, but did not detail the amendments that he proposed.  On December 9, 2011, we entered an Order, granting Edwards leave to file a formal Motion for Leave to File an Amended Petition that detailed his proposed amendments.  At the same time, we cautioned him that, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must ordinarily file a § 2255 Petition within one year from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f), and that, by our calculations, his time for filing under the AEDPA had expired.  We advised Edwards that, although we have discretion to consider clarification or amplification of claims that have been asserted in a timely § 2255 petition, a petitioner may not amend his § 2255 petition to add new claims or insert new legal theories after the AEDPA statute of limitations has expired.  See United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000).

In spite of this warning, on January 17, 2012, Edwards filed an "Amendment of his 28 U.S.C. § 2255 Motion," in which he asked us to "set aside" the three claims that he had asserted in his initial Motion, stating that he had "learned that the Motion was the uttmost [sic] of frivolous" (Docket No.

-2-

99, at 1, 14), and requested that he be permitted to replace his prior § 2255 Motion with an Amended

Motion asserting two new claims.  On February 8, 2012, we granted Edwards's request to set aside

his previously asserted claims, marked those claims withdrawn, and ordered the Government to file

a response to Edwards's Motion for Leave to Amend insofar as it sought to assert the two new

claims.  The Government thereafter filed a response arguing that we should deny the amended §

2255 Motion without a hearing.

## II.   LEGAL STANDARD

Edwards has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose
> such sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255(a).  "Section 2255 does not provide habeas petitioners with a panacea for all

alleged trial or sentencing errors."  United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-

486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001) (citation omitted).  In order to prevail on a  §

2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a

fundamental defect which inherently results in a complete miscarriage of justice," or "an omission

inconsistent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424,

428 (1962).

The AEDPA sets forth a one-year period of limitation for the filing of § 2255 habeas

petitions:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.

28 U.S.C. § 2255(f).  The one-year statute of limitations not only bars new § 2255 motions, but also bars the amendment of an existing motion to add new claims or legal theories after the one-year period has expired.  See Thomas, 221 F.3d at 431.  A claim raised in an amended § 2555 motion that is filed after the expiration of the one-year period will only be timely if it "relates back" to the original timely § 2255 petition.  Id. at 436.  "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original  pleading set forth."  Mayle v. Felix, 545 U.S. 644, 650 (2005); see also id. at 664 (stating that an amended claim will relate back if it is "tied to a common core of operative facts").  As the Supreme Court has explained: "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."  Id. at 662 (citation omitted).  Thus, we may, in our

-4-

discretion, "permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." Thomas, 221 F.3d at 436.

## III.   DISCUSSION

In his Motion for Leave to Amend, Edwards seeks to assert two grounds for habeas relief. First, he argues that his counsel was ineffective both at trial and at sentencing. Second, he argues that his sentence was unreasonable and violated 18 U.S.C. § 3553(a). The Government argues that Edwards's proposed claims are time-barred, except for an ineffectiveness claim arising out of the litigation of Edwards's motion to suppress. That ineffectiveness claim, the Government argues, is meritless. We conclude that all of the claims in Edwards's proposed amended § 2255 Motion are barred by the statute of limitations and that, even if he had asserted a timely ineffectiveness claim arising out of the motion to suppress, that claim would be meritless.

### A.   Statute of Limitations

There is no question that Edwards filed his Motion for Leave to Amend his § 2255 Motion after the expiration of AEDPA's one-year statute of limitations. The Third Circuit entered its Order affirming Edwards's judgment of conviction on May 6, 2010, and Edwards did not seek discretionary review of that Order. Edwards's conviction therefore became final on August 4, 2010, 90 days after the Third Circuit's Order, and the statute of limitations began to run on this date.[1]  As

---

[1]Edwards has not suggested that the one-year statute began to run on any date other than August 4, 2010, and we can conceive of no basis on which a different start date would apply. Specifically, there is nothing in the record that indicates that the Government impeded Edwards's filing, that the claims in the Motion to Amend are based on newly discovered evidence, or that the claims are based on rights that the Supreme Court has newly recognized. See 28 U.S.C. § 2255(f).

a result, the one-year limitations period expired on August 4, 2011.  Edwards's initial § 2255 Motion, filed on May 13, 2011, was therefore timely, but any new claims that he identified for the first time in his January 17, 2012 Motion to Amend are not.  Accordingly, the proposed claims set forth in the Motion to Amend are only timely if they are not new, but rather "relate back" to the claims in his original, timely § 2255 Motion.

To determine whether Edwards's claims relate back, we must consider the scope and nature of his claims in his initial § 2255 Motion and compare those claims to the claims proposed in the Motion to Amend.  In his § 2255 Motion, Edwards asserted three grounds for relief.  First, he argued that his constitutional rights were violated in connection with his initial stop and arrest because he was the victim of racial profiling and the arresting police officers lacked probable cause to search him.  Second, he argued that he was a victim of prosecutorial misconduct insofar as the Government failed to provide him with statements of two individuals who were with him when he was stopped and arrested, and because the Government made prejudicial statements in its opening and closing statement at trial.  Third, he argued that there was insufficient evidence to prosecute him for a § 924(c) offense, because the Government presented no evidence that the gun that he possessed had actually been used to further a drug trafficking crime.

As noted above, Edwards asked in his Motion to Amend to "set aside" these claims, calling them frivolous, and asked instead to be allowed to assert two new grounds for relief in an Amended § 2255 Motion.  The two new grounds he proposes are "ineffective assistance of counsel" and "unreasonable sentence."  In the proposed ineffectiveness claim, Edwards asserts that his counsel was ineffective in failing to: (1) investigate his abusive background and mental health history, both for purposes of asserting an insanity defense and for the purpose of mitigation at sentencing, (2)

object to unspecified hearsay evidence at trial, (3) preserve unspecified trial errors, (4) file a Rule 29 motion, (5) object at sentencing to the Government's presentation of prior convictions and the 100-1 crack to powder cocaine ratio, and (6) argue on appeal any error except that in connection with his suppression motion.   In his claim that his sentence was unreasonable, Edwards argues that his sentence was greater than necessary and did not take into account the unfair crack to powder cocaine ratio, and reiterates that his counsel was ineffective in failing to present mitigating mental health evidence

Comparing the initial claims with those proposed in the Motion to Amend, we conclude that none of Edwards's proposed claims in Motion to Amend "relate back" to his initial Motion.  To the contrary, the proposed claims assert "new grounds for relief supported by facts that differ in both time and type from those in the original pleading."  Mayle, 545 U.S. at 650.  Accordingly, we conclude that all of the proposed claims in Edwards's amended  § 2255 Motion are time-barred and deny the Motion to Amend on that basis.

B.    Ineffectiveness in Connection with Motion to Suppress

Despite our conclusion that the claims proposed in the Motion to Amend do not relate back and are therefore barred by the one-year statute of limitations, we must acknowledge the Government's position that Edwards has asserted a claim that his counsel was ineffective in connection with his litigation of Edwards's motion to suppress, and that this claim is not time-barred. Unlike the Government, we cannot find any reference to such a claim in the Motion for Leave to Amend.  Nevertheless, we feel compelled to note that, even if the Government were correct that Edwards had timely asserted such a claim, the claim would be meritless.

In order to prevail on a claim for ineffective assistance, a criminal defendant must

demonstrate both that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by the attorney's performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> Consequently, counsel cannot be found to be ineffective for failing to pursue a meritless claim. <u>See</u> <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (citations omitted)); <u>see</u> <u>also</u> <u>Parrish v. Fulcomer</u>, 150 F.3d 326, 328 (3d Cir. 1998).

In Edwards's initial, timely § 2255 Motion, he argued that the <u>Terry</u> stop that gave rise to the charges against him was the result of racial profiling rather than the involved police officers' reasonable suspicions. He also argued that the police officers lacked probable cause to search him. Liberally reading these claims in conjunction with Edwards's ineffectiveness claims in the Motion for Leave to Amend, we could understand Edwards to assert that his counsel was ineffective for failing to make these two arguments at trial and on appeal. Neither argument, however, has merit and, thus, counsel could not be faulted for failing to raise them.

Indeed, both arguments are plainly foreclosed by our September 9, 2008 Order-Memorandum denying Edwards's Motion to Suppress, and the Third Circuit's subsequent affirmance of that Order. As we concluded in the Order-Memorandum, the arresting officers had ample reasonable and articulable suspicion to subject Edwards to a <u>Terry</u> stop. 2008 WL 4272631, at *3. As a result, irrespective of any alleged racial profiling, the <u>Terry</u> stop did not violate the Fourth

Amendment.  See Ohio v. Robinette, 519 U.S. 33, 38 (1996) (explaining that the objective intentions

of the involved police officers are irrelevant to a Fourth Amendment analysis (citing Whren v.

United States, 517 U.S. 806, 813 (1996))).  Similarly, as we explained at length in our Order-

Memorandum, the frisk pursuant to which the officers seized Edwards's gun did not require probable

cause, because the gun was recovered during a protective pat-down based on the officer's reasonable

belief that Edwards was armed and potentially dangerous.  Id. at *4.  Thus, Edwards's argument that

the seizure of the gun was not supported by probable cause simply misses the mark.  Finally, as our

Order-Memorandum explained, the seizure of the drugs was pursuant to a search incident to arrest,

and such a search does not require probable cause separate from that which supports the arrest.  Id.

at *4; see also U.S. v. Bond, 173 F. App'x 144, 146 (3d Cir. 2006) (explaining that, "under

Pennsylvania law, a police officer has probable cause to arrest an individual for violation of [18 Pa.

Cons. Stat. Ann. §  6108] based solely on the officer's observation that the individual is in

possession of a firearm on the streets of Philadelphia."); United States. v. Moten, Civ. A. No. 10-

620-01, 2012 WL 2873368, at *2 (E.D. Pa. July 13, 2012) (citation omitted) (explaining that, under

the search incident to arrest doctrine, officers executing a valid arrest can conduct a search without

probable cause to believe that the search will reveal weapons or contraband).  Under these

circumstances, any argument by counsel that the Terry stop was not supported by reasonable

suspician, but rather was purely a matter of racial profiling, or that the searches of Edwards's person

were not supported by probable cause, would have been meritless.  Thus, under the Strickland

standard, Edwards's argument that counsel was ineffective for failing to raise these arguments is

meritless as well.

**IV.    CONCLUSION**

For the foregoing reasons, we deny Edwards's Motion to Amend, concluding that all of his proposed claims are barred by the statute of limitations.   That being the case, and Edwards having withdrawn the three claims that he asserted in his initial § 2255 Motion prior to seeking leave to amend, there are no § 2255 claims left to address, and we dismiss the § 2255 Motion on that basis.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____
John R. Padova, J.